■ CHARLES RIVERS, Respondent, v ARTHUR LEAZOTT, Appellant.—Appeal from a judgment of the Supreme Court, entered January 23, 1978 in Clinton County, upon a verdict rendered at a Trial Term, in favor of plaintiff. On January 7, 1976, at a bowling alley in the Town of Plattsburgh, there was an altercation between plaintiff and defendant, as a result of which plaintiff sustained certain injuries requiring his hospitalization for some 10 days. He commenced the instant action and alleged in his complaint that the assault was willful and malicious and without just cause or provocation. Defendant denied these allegations and as a separate defense alleged that his actions were justified by reason of self-defense. At the trial, it developed that plaintiff and his wife were separated and on the evening in question she was in the company of defendant. There was a sharp conflict in the testimony as to who was the aggressor. It is conceded, however, that

defendant did strike plaintiff. After a jury trial, the jury returned a verdict in favor of plaintiff in the sum of $11,000, consisting of $8,500 in compensatory damages and $2,500 in punitive damages. This appeal ensued and defendant raises two issues urging reversal. Defendant contends it was error for the court to refuse to specifically charge that since plaintiff alleged that the assault was committed without just cause or provocation he had the burden to establish the absence of justification. While it is true that plaintiff did have this burden, a fair reading of the charge in its entirety demonstrates that the court did properly charge the jury on this issue. After reciting what the plaintiff had alleged in his complaint, including the allegation that the assault was unprovoked, the court stated "you must first consider, it is the plaintiff who has the burden of proof." Defendant also contends that the court erred in explaining the issue of punitive damages. More specifically, defendant contends the court failed to adequately explain the necessary terms used in instructing the jury on the question of punitive damages. We disagree. The court stated that "If you find that this act on the part of the defendant was malicious and with an intent to commit grievous bodily harm, you may, if you so desire, if you find it proper to do so, award an additional sum which we term punitive damages". Considering the record in its entirety and various inferences the jury could properly draw from the testimony, we think the charge was proper. The judgment should be affirmed. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.